### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE BYRAN WALTERS,    ) | |
| ) | |
| Petitioner,    ) | |
| ) | |
| v.    ) | Case No. CIV-19-232-SLP |
| ) | |
| ERIC D. WILSON, Warden,    ) | |
| ) | |
| Respondent.    ) | |

### REPORT AND RECOMMENDATION

Petitioner George Byran Walters, a federal prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. (ECF No. 1). United States District Judge Scott L. Palk has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Court should transfer the case to the Northern District of Texas.

### I.   DISMISSAL AND TRANSFER OF THE PETITON

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (citation omitted). Here, however, Petitioner is incarcerated at the Federal Medical Center (Fort Worth - FMC), 3150 Horton Road, Fort Worth, Texas 76119, *see* ECF No. 1:5, a facility located within the territorial jurisdiction of the Northern District of Texas. *See* 28 U.S.C. §124(a). Consequently, this Court lacks jurisdiction over his petition. *See Haugh*, 210 F.3d at 1149 (10th Cir. 2000) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."). Nonetheless,

"[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." *Haugh*, 210 F.3d at 1150 (citation and internal quotation marks omitted). It is within this court's discretion to determine whether to transfer an action or instead to dismiss the action without prejudice. *See Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

In his initial filing titled "Motion for Award of Good Time Under 28 USC §2241", Mr. Walters alleges that the Bureau of Prisons (BOP) has failed to properly calculate "good time", further stating that "the BOP clearly has to calculate good time under 18 USC Section 3624(b)." As relief, Petitioner requests the Court "order the BOP to credit the extra 70 (seventy) days the law requires…". *See* ECF No. 1:4. No issue—including a statute of limitations issue—mitigates against the transfer of this matter to the appropriate judicial district for disposition.

## II. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, the undersigned recommends that the interest of justice warrants the transfer of this matter. Payment of a filing fee should be addressed by the United States District Court for the Northern District of Texas.

Petitioner is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **April 1, 2019**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to

appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## III. STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on March 13, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE